The lessor of the land testified, however, that he and the other officers of the corporation knew that the taxpayer would be privileged to occupy and use the building for an indefinite period. In this situation, we are of the opinion that the amount spent in the construction of the building was not an ordinary and necessary expense of transacting business but was an investment in a building which would be used over a series of years. The amount that the taxpayer is entitled to deduct for 1920 and succeeding years in respect of the building is reasonable depreciation upon it. *Appeal of National City Bank of Seattle*, 1 B. T. A. 139; *Appeal of Sentinel Publishing Co.*, 2 B. T. A. 1211.

---

## APPEAL OF THE BONNER SPRINGS LODGE & SANITARIUM CO.

Docket No. 361.    Submitted November 3, 1925.    Decided November 24, 1925.

*Edward Fraser, C. P. A.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of deficiencies in income and profits taxes for the years 1921 and 1922, aggregating $1,070.41. The deficiency arises from the disallowance by the Commissioner of a deduction for salary alleged to have been paid to the president.

### FINDINGS OF FACT.

The taxpayer is a Missouri corporation doing business at Bonner Springs, Kans. During the taxable years all of its capital stock was owned by Henry C. Hays, its president. The corporation at no time voted or recorded any salary to Hays. The books were kept and the returns filed on the basis of cash receipts and disbursements. Hays regarded the business of the corporation as his own and treated his individual accounts and the accounts of the corporation indiscriminately, making no segregation between the two. All receipts, whether those of the corporation or those of Hays individually, and likewise all expenditures, were recorded upon the corporation's cash book and checking accounts.

Hays used the moneys of the corporation at his pleasure. Supplies purchased by the corporation were used in his personal household. All expenditures for such supplies were deducted by the corporation. The books did not disclose which of the items were those of Hays and which were those of the corporation. In making

the original corporation returns, Hays excluded some expenditures which he regarded as purely personal, such, for example, as his payments to the University Club and his local church contributions.

No salary was actually paid to Hays during the taxable years in question.

Originally, the corporation filed returns in which no deduction for salary was made. Hays filed no individual returns whatever for any year back to 1913. In 1924, the corporation filed amended returns, claiming salary deduction of $4,000 per year to Hays, and Hays filed individual returns showing receipt of the salary thus claimed for the years 1921 and 1922.

DECISION.

The determination of the Commissioner is approved.

---

APPEAL OF WADDELL COAL CO.

Docket No. 3133.    Submitted June 13, 1925.    Decided November 25, 1925.

Evidence *held* insufficient to sustain taxpayer's claim for obsolescense of mining equipment.

*Don F. Reed, Esq.,* for the taxpayer.
*Lee I. Park, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency for the calendar year 1920 in the amount of $25,098.03, against which is offset an overassessment of $2,095.50 for the calendar year 1918. No deficiency was determined by the Commissioner for the calendar year 1919, in which year the taxpayer had a net loss of $28,559.91, which was applied against the year 1918 under section 204 of the Revenue Act of 1918.

The taxpayer alleged that the Commissioner erred (1) in failing to allow as a deduction from gross income for each of the years 1918, 1919, and 1920, a proper amount for obsolescence of property upon its claim that the life of the coal mine, in the operation of which the property was used, was shorter than the physical life of the property; and (2) in basing the allowance for exhaustion, wear and tear upon the physical life of the property rather than upon the life of the coal mine.

FINDINGS OF FACT.

Taxpayer is a West Virginia corporation engaged in the business of mining and selling coal, with principal place of business at